UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AGROSONS LLC and MJ AND SONS XPRESS LLC,**<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**PHP GROUP LLC, CAP XPRESS LLC, PEDRO PEREZ and PETER PEREZ**<br><br>　　　　**Defendants.** | Civ. No. 2:22-CV-06498 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

　　Before the Court is Agrosons LLC and MJ and Sons Xpress LLC's (collectively "Plaintiffs") application for a Temporary Restraining Order and Order to Show Cause pursuant to the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a ("PACA").[1] This Court has jurisdiction pursuant to 7 U.S.C. § 499e(c)(5)(i) and 28 U.S.C. § 1331. The Court has reviewed the submissions, including Plaintiffs' Complaint, Memorandum of Law in support of Plaintiffs' application (the "Motion"), the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(1)(B), and the Declaration of Lee Pakulsky. For the reasons set forth below, Plaintiffs' application for the issuance of a Temporary Restraining Order and Order to Show Cause is **GRANTED**.

　　**I.　　BACKGROUND**

　　Plaintiffs are in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce and are licensed dealers of produce under PACA. Compl. ¶¶ 1-2. Defendants PHP Group LLC and Cap Xpress LLC are in the business of buying wholesale produce and selling such produce in retail commerce. *Id.* at ¶¶ 3-4. Defendants Pedro Perez and Peter Perez were or are in positions of control over PHP Group and/or Cap Xpress during the relevant period in question. *Id.* at ¶¶ 5-6.

　　Plaintiffs allege, in brief, that between June 14, 2022, and June 28, 2022, Plaintiffs sold and delivered wholesale amounts of produce worth $9,648.00 while incurring freight costs of $6,900.00, totaling $16,548.00, to Defendants who accepted the same. *Id.* at ¶ 11; Pakulsky Cert. ¶ 8. Plaintiffs claim that at the time Defendants received and accepted the produce, Plaintiffs became a beneficiary in a statutory trust ("PACA Trust") designed to assure payment to produce suppliers. Compl. ¶ 12. Plaintiffs allege that invoices containing the

---

[1] This application was made without notice to Defendants pursuant to Federal Rule of Civil Procedure 65(b)(2).

language required by 7 U.S.C. § 499e(c)(4) were delivered to Defendants, and that the deadline for payment under those invoices has expired. *Id.* at ¶ 14. According to the Plaintiffs, the "Defendants are liquidating their assets, including the warehouses located at 10 High Meadow Road N, Saddle River, New Jersey and 21 Mulberry Ct., Paramus, New Jersey." Motion at 3. Plaintiffs further allege that between July 28, 2022, and August 10, 2022, Defendants repeatedly tendered checks that were returned for insufficient funds, including one drawn on a closed bank account. *Id.* at 4, Exhibit C; Pakulsky Cert. ¶ 10.

## II. DISCUSSION

When evaluating a motion for a temporary restraining order, the Court must consider: "(1) the likelihood of success on the merits after a full hearing; (2) whether the movant will be irreparably injured without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief." *Value Grp., Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1231 (D.N.J. 1992) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 191-92 (3d Cir. 1990)).

First, the Court finds that Plaintiffs are likely to succeed on the merits after a full hearing. Specifically, Plaintiffs' proffered evidence meets the obligations established by PACA. There is no dispute that this debt is overdue and owing. *See* Motion, Exhibits B, C. Second, the Court finds that Plaintiffs will be irreparably harmed without this temporary restraint. There is a likelihood that the PACA Trust funds will be further dissipated if this relief is not put in place to preserve the status quo pending the opportunity for a complete hearing. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000) ("We conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent the dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer."); *S. Katzman Produce, Inc. v. Depiero's Farm*, Inc., No. 12-1384 , 2012 U.S. Dist. LEXIS 31275, at *4 (D.N.J. Mar. 7, 2012) (same). Third, the Court holds that Plaintiffs have demonstrated that there is little risk that the Defendants would be irreparably injured if this emergent relief is granted. The Defendants have no right to use the PACA Trust funds for any purpose other than to pay Plaintiffs for the produce it received. To that end, the Court will only restrain the corporate Defendants, PHP Group LLC and Cap Xpress LLC, and not the individual Defendants, Peter Perez and Pedro Perez, to ensure that any potential injury to Defendants in this case is limited. Finally, the Court finds that the public interest will be strongly served by granting the emergent relief as requested. Under PACA, Congress has unequivocally expressed the importance of protecting the interests of produce purveyors in connection with their interstate transactions, and courts in this District have similarly done so.

The Court is satisfied that, under the present circumstances, the issuances of a Temporary Restraining Order is appropriate. Accordingly, the Order to Show Cause with Temporary Restraints will be entered. The Court will restrain Defendants PHP Group LLC and Cap Xpress LLC from alienating, dissipating, paying over or signing any assets except

for payment to Plaintiffs until further Order of this Court, or until Defendants pay Plaintiffs the sum of $16,548.00.

The temporary restraints can be dissolved upon application of Defendants upon at least two days' notice, for good cause shown after a hearing. The Preliminary Injunction hearing will take place on Tuesday, November 29, 2022 at 11:00 AM before the Undersigned in Courtroom 4B, United States Courthouse, 50 Walnut Street, Newark, New Jersey. The briefing schedule is set forth in the accompanying Order.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' application seeking a Temporary Restraining Order and Order to Show Cause is **GRANTED**.

An appropriate Order shall follow.

/s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  November 16, 2022**